52 F.3d 332
NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
 Antun DAMJANOVIC; Milgros Damjanovic; and Klara
Damjanovic, Plaintiffs-Appellants,
v.
COUNTY OF LOS ANGELES; Sherman Block, Sheriff of Los
Angeles County, Defendants-Appellees,
and
Robert C. Ambrose, et al., Defendants.
 No. 93-56223.
 United States Court of Appeals, Ninth Circuit.
 Argued and Submitted March 6, 1995.
Decided April 5, 1995.
 
 1
 Before: SCHROEDER and KLEINFELD, Circuit Judges, and KING,* District Judge.
 
 
 2
 MEMORANDUM**
 
 
 3
 The Damjanovics appeal the district court's summary judgment in favor of the defendants in this 42 U.S.C. Sec. 1983 civil rights action. The district court determined that the Damjanovics had not presented evidence of an official policy sufficient to confer liability on the County of Los Angeles, and that Block was not a final policymaker for the County. We have jurisdiction pursuant to 28 U.S.C. Sec. 1291, and review de novo. Hopkins v. Andaya, 958 F.2d 881, 884 (9th Cir.1992). We affirm.
 
 
 4
 The district court initially denied the defendants' motion for summary judgment, and requested further briefing on the liability of Block and the County of Los Angeles in light of the Supreme Court's decision in City of St. Louis v. Praprotnik, 485 U.S. 112 (1988).[1] After supplemental briefing, the district court issued an order dismissing defendants Block and the County. The Damjanovics appealed the dismissal to this court. We held that the district court abused its discretion by dismissing defendants Block and the County sua sponte, after denying their motion for summary judgment. Damjanovic v. Ambrose, No. 91-56070, unpublished memorandum disposition (9th Cir. Feb. 3, 1993). On remand, the district court vacated its denial of defendants Block and County's motion for summary judgment, and granted summary judgment in favor of those defendants. The Damjanovics appeal this judgment.
 
 
 5
 A grant of summary judgment should be affirmed only if the evidence, read in the light most favorable to the nonmoving party, demonstrates that there is no genuine issue as to any material fact, and the moving party is entitled to judgment as a matter of law. Fed.R.Civ.P. 56(c); Taylor v. List, 880 F.2d 1040, 1044 (9th Cir.1989). To defeat a summary judgment motion, the nonmoving party must come forward with evidence sufficient to establish the existence of any elements that are essential to that party's case, and for which that party will bear the burden of proof at trial. Celotec Corp. v. Catrett, 477 U.S. 317, 322 (1986); Taylor, 880 F.2d at 1045. "The party opposing summary judgment may not rest on conclusory allegations, but must set forth specific facts showing that there is a genuine issue for trial." Leer v. Murphy, 844 F.2d 628, 631 (9th Cir.1988).[2]
 
 Defendant County of Los Angeles
 
 6
 In order to hold a county liable for the acts of county officials, a plaintiff must show that (1) the officials' actions were taken under color of state law. (2) the officials' conduct caused a deprivation of the plaintiff's constitutional rights, and (3) the officials' conduct was the consequence of a county policy or custom. Hammond v. County of Madera, 859 F.2d 797, 801 (9th Cir.1988). An official acts pursuant to a county policy if (1) the official is following an established policy or custom, (2) the official who committed the constitutional violation has final policy-making authority for the county, or (3) an official with final policy-making authority ratified the unconstitutional action of a subordinate and the basis for that action. Gillette v. Delmore, 979 F.2d 1342, 1346-47 (9th Cir.1992), cert. denied, 114 S.Ct. 345 (1993).
 
 
 7
 Although the Damjanovics alleged that the county had a policy of employing officers who were violent and used excessive force, they presented no evidence of such a policy in their opposition to the defendants' motion for summary judgment. See Gillette, 979 F.2d at 1346. Furthermore, assuming arguendo that Block is vested with final policy-making authority regarding the use of force by police officers, the Damjanovics have presented no evidence that he was either personally involved in the incident in question or that he ratified the actions of his subordinates and the basis for those actions. See id. at 1346-47. Contrary to the Damjanovics' assertions, the defendants are not required to disprove every allegation of the complaint; it is sufficient for the defendants to demonstrate, as they have here, "that there is an absence of evidence to support the nonmoving party's case." Celotex, 477 U.S. at 325. The Damjanovics did not come forward with evidence sufficient to prove the existence of a county policy, or the kind of involvement by Block which would subject the county to liability. See id. at 322; Taylor, 880 F.2d at 1045. Accordingly, the district court properly granted summary judgment in favor of the County of Los Angeles.
 
 Defendant Block
 
 8
 A supervisor cannot be held liable for constitutional deprivations effected by his subordinates unless the supervisor caused the deprivation by (1) participating or directing the conduct in question, (2) failing to train or supervise subordinates, or (3) creating a policy which resulted in the unconstitutional conduct. Ybarra v. Reno Thunderbird Mobile Home Village, 723 F.2d 675, 680 (9th Cir.1984). As indicated above, the Damjanovics have presented no evidence that Block participated in or directed the events at issue, nor that there was a county policy involving the use of excessive force. Furthermore, no evidence was presented that Block failed to train or supervise the officers involved in this dispute. Accordingly, the district court properly granted summary judgment in favor of defendant Block. See Celotex, 477 U.S. at 322; Taylor, 880 F.2d at 1045.[3]
 
 AFFIRMED.[4]
 
 
 *
 Honorable Samuel P. King, Senior United States District Judge for the District of Hawaii, sitting by designation
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36-3
 
 
 [1]
 At that point in the litigation, there were additional defendants. However, the claims against these defendants have since been voluntarily dismissed, and only the claims against Block and the County of Los Angeles remain
 
 
 [2]
 We note that counsel for the Damjanovics has misrepresented the burden in opposing the defendants' motion for summary judgment by citing to the concurring and dissenting opinions in Celotex rather than the majority opinion
 
 
 [3]
 The Damjanovics contend that the district court erred by granting the defendants' summary judgment motion without giving them ten days' notice and an opportunity to respond. The district court may grant summary judgment in the absence of a formal motion only if "the party against whom the judgment was entered had a full and fair opportunity to develop and present facts and legal arguments in support of its position." Portsmouth Square, Inc. v. Shareholders Protective Committee, 770 F.2d 866, 869 (9th Cir.1985). Here, the defendants moved for summary judgment and the Damjanovics opposed that motion. The Damjanovics thus had a full and fair opportunity to present evidence and legal arguments. See id
 The Damjanovics also contend that they had no opportunity to counter the defendants' argument that Block was not a final policy maker for the county. However, we note that the district court requested briefing from both parties on this precise issue.
 
 
 [4]
 The appellees' motion for attorney's fees is denied